# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PROTRITION FEED, LLC, and ) <br> PURINA ANIMAL NUTRITION, LLC, ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CP IRONWORX, LLC, ) <br> ) <br>    Defendant. ) | Case No. 3:24-cv-01110 <br> Judge Aleta A. Trauger |

## MEMORANDUM

Before the court is the Motion to Partially Dismiss (Doc. No. 15), filed by defendant CP Ironworx, LLC ("Ironworx"), filed with a supporting Memorandum of Law (Doc. No. 16). The plaintiffs, ProTrition Feed, LLC ("ProTrition") and Purina Animal Nutrition, LLC ("Purina") have filed a Response in Opposition to the Motion (Doc. No. 17), and Ironworx filed a Reply (Doc. No. 18).

The sole issue raised by the defendant's motion is whether, as a matter of law, the plaintiffs' Amended Complaint (Doc. No. 12) states a colorable claim for negligence *per se* under Tennessee law, based on the defendant's alleged violations of regulations adopted to implement the Occupational Safety and Health Act ("OSHA"). Because it is clear that the plaintiffs— as property owners and employers—are not within the class of persons that the OSHA regulations seek to protect and that their injury—property damage to their manufacturing plant—is not the type of injury OSHA is intended to prevent, their negligence *per se* claim fails as a matter of law. The defendant's motion will be granted and this claim will be dismissed.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must first "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Eye Centers of Am., LLC v. Series Protected Cell 1*, No. 22-5138, 2022 WL 13983763, at *3 (6th Cir. Oct. 24, 2022) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). Finally, the must determine whether the plaintiff has sufficiently alleged "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). This is not an evidentiary burden. Rather, the movant "bears

the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim." *Pinnacle Bank v. Fid. & Deposit Co. of Md.*, 598 F. Supp. 3d 666, 670–71 (M.D. Tenn. 2022).

## II. FACTS

ProTrition entered into an agreement with Ironworx for the demolition of a grain bin at an animal feed manufacturing plant ("Plant") in Nashville, Tennessee. (Doc. No. 12, Am. Compl. ¶¶ 21–22.) ProTrition leases the Plant from Purina. (*Id.* ¶ 23.) The demolition occurred on May 16, 2022 and resulted—unintentionally—in the collapse of the grain bin (the "Collapse"). (*Id.* ¶¶ 31–49.) ProTrition and Ironworx employees were working "near the area of the Collapse" (*id.* ¶ 53), but the plaintiffs do not allege that any person suffered personal injuries due to the collapse. Rather, "[t]he Collapse caused damage to the Plant," when "[p]art of the Grain Bin fell onto the Plant's motor control center . . . and other equipment." (*Id.* ¶¶ 51–53.[1]) Protrition further alleges that it incurred damages from having to rent and otherwise replace equipment and repair and rebuild the damaged areas of the plant. (*Id.* ¶¶ 54–56.) It suffered business interruption, and incurred costs related to "product diversion to other facilities." (*Id.* ¶¶ 57–58.)

Based on the Collapse, the plaintiffs assert claims for breach of contract, negligence, negligence *per se*, and negligent supervision and training. In support of their negligence *per se* claim, the plaintiffs rely on OSHA regulations that Ironworx allegedly violated while carrying out the demolition. Specifically, the plaintiffs reference the following OSHA regulations:

> (1) 29 C.F.R. § 1926.850(a), which requires an employer conducting a demolition to ensure that an engineering survey is made to determine, among other things, the "possibility of unplanned collapse of any portion of the structure" and to have "in writing evidence that such a survey has been performed." (Am. Compl. ¶¶ 99–100.)

---

[1] The Amended Complaint contains two sets of paragraphs numbered 52 and 53.

(2) 29 C.F.R. § 1926.850(b), which states that, "[w]hen employees are required to work within a structure to be demolished which has been damaged by fire, flood, explosion, or other cause, the walls or floor shall be shored or braced." (Am. Compl. ¶ 104.)

(3) 29 C.F.R. § 1926.850(j), which generally requires "the demolition of exterior walls and floor construction [to] begin at the top of the structure and proceed downward." (Am. Compl. ¶ 109.)

(4) 29 C.F.R. § 1926.858(c), which requires steel construction to " be dismantled column length by column length, and tier by tier." (Am. Compl. ¶ 113.)

The plaintiffs allege that Ironworx did not comply with any of these regulations. (*Id.* ¶¶ 101–02, 107, 110–11, 115–16.) They assert that Ironworx was negligent *per se* in failing to comply with these regulations and that its negligence *per se* caused the Collapse. (*Id.* ¶¶ 103, 108, 112, 117, 118.) The plaintiffs also allege that Ironworx's failure to comply with the regulations "created a hazardous workplace environment for ProTrition and Ironworx employees" who were in the area of the demolition; that the Collapse "could have led to death or serious bodily injury of any employee present at the time of the Collapse" and "endangered ProTrition and Ironworx employees"; and that the regulations pertaining to demolitions "establish a specific standard of conduct and trigger recovery under negligence *per se*." (*Id.* ¶¶ 119–22.)

### III. DISCUSSION

The court's jurisdiction in this case is premised upon diversity jurisdiction, and the parties agree that Tennessee law applies to the plaintiffs' substantive claims. Ironworx seeks dismissal only of the plaintiffs' negligence *per se* claim.

Under Tennessee law, "[l]iability under the negligence *per se* doctrine can arise when a party fails to perform a duty imposed by statute or ordinance." *Shaw v. Metro. Gov't*, 596 S.W.3d 726, 734 (Tenn. Ct. App. 2019) (citing *Little v. Nashville, Chattanooga & St. Louis Ry. Co.*, 281 S.W.2d 284, 292 (Tenn. Ct. App. 1954)). A negligence *per se* claim may be based on violations of federal or state regulations or ordinances, as well as statutes. *Est. of French v. Stratford House*,

333 S.W.3d 546, 561 (Tenn. 2011), *abrogated on other grounds by statute, as stated in Ellithrope v. Weismark*, 479 S.W.3d 818 (Tenn. 2015).

To recover based on negligence *per se*, the plaintiff must establish that (1) the defendant "violated a statute or ordinance that that imposes a duty or prohibition for the benefit of a person or the public"; (2) the plaintiff is "within the class of persons intended to benefit from or be protected by the statute"; and (3) the negligence was the proximate cause of the injury." *Id.* (quoting *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 452 (Tenn. Ct. App. 1998)).

In other words, "[t]he negligence *per se* doctrine is not a magic transformational formula that automatically creates a private negligence cause of action for the violation of every statute." *Rains*, 124 S.W.3d at 590 (Tenn. Ct. App. 2003). A negligence *per se* claim differs from an ordinary negligence claim only in that "the expression of the standard of care" is "changed from a general standard to a specific rule of conduct." *Id.* (quoting Restatement (Second) of Torts § 874A cmt. e). "[T]he effect of declaring conduct negligent *per se* is to hold that conduct is negligent as a matter of law, thus requiring plaintiffs to prove only proximate and actual causation and damages." *Est. of French*, 333 S.W.3d at 561 (citing *Rains*, 124 S.W.3d at 590).

However, not every statutory or regulatory violation will amount to negligence *per se*. *Id.* (citing *Whaley v. Perkins*, 197 S.W.3d 665, 673 (Tenn. 2006)). Rather, the courts must determine whether to adopt a "statutory standard to define the standard of conduct of reasonable persons in specific circumstances." *Rains*, 124 S.W.3d at 591. In the exercise of that discretion, courts must consider a number of factors, but the "two threshold questions in every negligence *per se* case are whether the plaintiff belongs to the class of persons the statute was designed to protect and whether the plaintiff's injury is of the type that the statute was designed to prevent." *Id.*

While courts in several other jurisdictions have held that OSHA violations cannot support negligence *per se* claims and instead "constitute no more than evidence of negligence," *Bellamy v. Fed. Exp. Corp.*, 749 S.W.2d 31, 34 (Tenn. 1988) (collecting cases), the Tennessee Supreme Court has expressly held to the contrary, *id.* at 34–35. Thus, under Tennessee law, violation of OSHA regulations *may* constitute negligence *per se*. *Id.*

As the Sixth Circuit has explained, under Tennessee law, the breach of an OSHA regulation "is negligence *per se* if the party injured is a member of the class of persons the statute or regulation was intended to protect." *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799, 801 (6th Cir. 1984) (citations omitted). In that case, the issue was whether the employee of an independent contractor was "a member of the class of persons that the OSHA regulation was intended to protect." *Id.* at 803. The court held that an independent contractor was intended to be protected in that particular case, observing that "Congress' primary purpose" in enacting OSHA was "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." *Id.* (quoting 29 U.S.C. § 651(b)).

The Sixth Circuit, in fact, has consistently held that the purpose of OSHA is to protect employees and that it does not "impose an unlimited duty on any employer to protect anyone who happens upon any portion of the employer's property." *Simpson v. Wal-Mart Stores, Inc.*, 238 F.3d 424 (Table), 2000 WL 1888690, at *2 (6th Cir. Dec. 19, 2000) (citing *Teal*, 728 F.2d at 803). In *Simpson*, the court recognized, based on *Bellamy*, that a violation of an OSHA regulation "can constitute negligence *per se* if the plaintiff is within the class of persons the regulation was intended to protect." *Id.* The plaintiff there, however, was a customer in a retail setting and, therefore, was not within that class. *Id.* The court has also held that "OSHA regulations pertain only to *employers'*

conduct" and do not govern the relationship between a producer and a consumer. *Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985) (emphasis added) (citing 29 U.S.C. § 654).

The plaintiffs in this case are the operator and owner of the Plant, and the damages for which they seek recovery are property damages and other monetary damages resulting from the property damages. The plaintiffs are not individual employees who suffered personal injuries as a result of the OSHA violations, nor do they allege that their employees (or the defendants' employees) suffered personal injuries. The plaintiffs have not pointed to any caselaw from any jurisdiction holding that OSHA violations in this context may give rise to a negligence *per se* claim. The court finds that, because the plaintiffs do not "belong[] to the class of persons [OSHA] was designed to protect" and their injury is not "of the type that the statute was designed to prevent," *Est. of French*, 333 S.W.3d at 561, their negligence *per se* claim fails as a matter of law.

In their response to the Motion to Dismiss, the plaintiffs assert in a wholly conclusory fashion that they do indeed "fall into the class of persons contemplated and/or benefited by these regulations" and that "the injuries are the type of injuries sought to be prevented." (Doc. No. 17 at 3–4.) But the caselaw and statutes they cite are not on point. For example, they cite *Allstate Refractory Contractors, LLC v. Su*, 79 F.4th 755 (6th Cir. 2023), to support the proposition that OSHA, aside from protecting employees, was also intended to "reduc[e] workplace-safety hazards, increas[e] research into better safety standards, encourag[e] states to improve their own safety standards, and provid[e] appropriate reporting procedures." *Allstate Refractory Contrs.,*, 79 F.4th at 763 (quoting 29 U.S.C. § 651(b)). But all of these measures, in turn, were intended to facilitate improving working conditions for employees. *Allstate* says nothing about protecting plant owners from property damage caused by negligent contractors. Likewise, OSHA's goal of assuring "safe and healthful working conditions" does not indicate an intent to protect employers from property

damage to their premises or equipment. (Doc. No. 17 at 9 (quoting 29 U.S.C. § 651(b)).) Finally, the fact that employees were endangered and could have been injured by the defendant's OSHA violations is simply irrelevant. They were not injured. None of the employees could have filed an independent lawsuit based on the mere threat of injury without actual injury.

The plaintiffs also purport to dispute Ironworx's assertion that OSHA does not create a private cause of action. They assert that a "private cause of action exists under the Defendant's OSHA violations in certain circumstances." (Doc. No. 17 at 10.) The cases they cite, however, do not support this proposition. The Sixth Circuit has held unequivocally that OSHA does not create a private cause of action—though violation of an OSHA regulation may constitute evidence of negligence or negligence *per se*. *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 477 (6th Cir. 1995) (citations omitted). Regardless, in this case, the plaintiffs have not stated (or attempted to state) a claim based on a violation of the OSHA regulations.

## IV.   CONCLUSION

For the reasons set forth herein, the defendant's Motion to Partially Dismiss (Doc. No. 15) will be granted, and the plaintiffs' negligence *per se* claim will be dismissed. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge